# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

In re:

STEPHEN D. BLAKELY,

    Debtor.

Case No. 09-12735-RGM
(Chapter 13)

## MEMORANDUM OPINION

This case was before the court on June 23, 2010, on the chapter 13 trustee's objection to Proof of Claim 12 filed by American Bank. American Bank was secured by a first deed of trust. The proof of claim was filed after the bar date.

This chapter 13 case was filed on April 9, 2009. Counsel for the bank proffered that the bank did not receive timely notice of the filing of the case; that the address the debtor scheduled had not been used by the bank for over two years; and that the bank discovered the bankruptcy when it began foreclosure proceedings and checked PACER in June 2009. The bar date was August 17, 2009. The bank filed its proof of claim on October 2, 2009.[1]

The Bankruptcy Code and Federal Rules of Bankruptcy Procedure are explicit on the treatment of tardily filed proofs of claims. A tardily filed chapter 7 proof of claim is paid along with timely filed proofs of claims if the creditor holding the claim did not have notice or actual knowledge of the case in time to timely file a proof of claim and the claim is filed in time to permit

---

[1] The same day that the bank filed its proof of claim, it also filed a motion for relief from the automatic stay which was granted. The proof of claim asserted a secured claim which was correct at the time. However, it is not clear if the property has been sold at foreclosure and, if so, whether there is a deficiency.

1

payment of the claim. 11 U.S.C. § 726(a)(2)(C). All other tardily filed proofs of claims are paid after timely

 filed proofs of claims are paid but before claims for fines and penalties to the extent that the fine or penalty is not in compensation for actual pecuniary losses. 11 U.S.C. § 726(a)(3).

In chapter 11, a creditor holding a tardily filed proof of claim may be granted an extension of time within which to file a proof of claim upon showing excusable neglect. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). *See also* Fed.R.Bankr.P. 3003(c)(3).

Chapter 13 presents yet a third scheme for tardily filed proofs of claims. Tardily filed proofs of claims are not generally allowed. *In re Nwonwu,* 362 B.R. 705 (Bankr.E.D.Va.2007); Fed.R.Bankr.P. 3002(c) and 9006(b)(3). Rule 3002(c) sets the bar date for filing proofs of claims in chapter 13 cases. Rule 9006(b)(3) governs extensions of time within which to file proofs of claims. Rule 9006(b)(3) expressly permits extensions of time under Rule 3002(c) but only to the extent and under the conditions stated in Rule 3002(c). There are only six circumstances in which an extension may be granted. None address the circumstances in this case. *In re Day,* 2009 WL 3233160 (Bankr.E.D.Va. 2009); *In re Mozingo,* 2009 WL 703206 (Bankr.E.D.N.C. 2009).

This does not mean that creditors without notice of a bankruptcy filing or of the bar date are without a remedy in chapter 13. It is axiomatic that creditors' rights cannot be affected unless they have notice of the filing of the petition and time to file a timely proof of claim. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652, 94. L. Ed. 865 (1950). *See also In re National Spa & Pool Institute,* 257 B.R. 784 (Bankr.E.D.Va.2001)(chapter 11 case). The question is what remedy is appropriate in the particular circumstances.

It may be that there are sufficient unfiled claims that all creditors who filed proofs of claims, including the unscheduled creditor, would be paid in full. In this instance, no purpose would be served by objecting to the tardily filed proof of claim. *In re Nwonwu,* 362 B.R. at 710.

An unscheduled creditor may be granted relief from the stay. This may affect the ability of the debtor to complete a chapter 13 plan. It may cause the plan to fail. Both are considerations, but should be evaluated in relation to the creditor body as a whole and the debtor's knowledge of the omission.

The debtor's culpability in omitting a creditor is a factor. If the omission was a knowing omission, the plan may not have been filed in good faith. See 11 U.S.C. § 1325(a)(3). If there was bad faith, the court may dismiss the case or may vacate the order of confirmation. The debtor cannot complain that he is sent back to the starting post when it was his conduct that causes the case to be dismissed or confirmation of the plan to be revoked. This remedy is not automatic, though. The court should consider the rights of other creditors. It may be in the best interests of the creditor body to allow the plan to go to completion. In these circumstances, the unscheduled creditor's debt would survive a discharge. The court should balance the prejudice to the unscheduled creditor with the benefits to the general creditor body. The prejudice to the unscheduled creditor may be delay while the plan continues to completion. There may be a realistic apprehension that there will be no assets from which the unscheduled creditor may be paid after a discharge is granted.

The calculus is different if the debtor unknowingly omits a creditor. There, the court would consider the extent to which the debtor should have recognized the obligation or known of its omission. In many instances, the debtor should have recognized the omission. In a few instances, debtors do not recognize a creditor. This may arise, for example, where the debtor is a guarantor

of a debt, another party guarantees the debtor's obligation, or where the debtor is a co-maker by a debt, particularly if the other party is making the payment. Despite the best explanation by counsel, some debtors do not recognize creditors for loans to a spouse, child, or friend that the debtor co-signed or guaranteed, particularly when the child or friend received the bills and pays them. Similar remedies are available in the unknowing situation where a debtor unknowingly omits scheduling a creditor as where a debtor knowingly omits a creditor. The weight to be given to the appropriate remedy is affected by the debtor's culpability.

Another remedy is not to object to the proof of claim. A proof of claim is allowed unless a party in interest objects and the objection is sustained. If no objection is made to a claim, even if the claim is improper on its face, it is allowed and is paid by the chapter 13 trustee. Fed.R.Bankr.P. 3001(f). Creditors are not obligated to object to other creditors' proofs of claims and may elect not to do so. *Nwonwu,* 362 B.R. at 710. A trustee has some discretion not to object to a proof of claim where filing an objection would itself create an injustice or where no purpose would be served by objecting to the claim. *Nwonwu,* 362 B.R. at 710.

In this case the bank knew of the petition in bankruptcy in June 2009, because it searched PACER. It knew that the case was a chapter 13 case, that it needed to file a proof of claim if it wanted to participate in distributions by the chapter 13 trustee and that there was a bar date for filing proofs of claims. It had ample time between the June 2009 discovery date and the August 17, 2009 bar date within which to file a timely proof of claim. The bank had adequate actual notice of the filing of the case and was not denied due process.

The chapter 13 trustee's objection to the bank's proof of claim will be sustained.

Alexandria, Virginia
June 23, 2010

      /s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Thomas P. Gorman, Trustee
Tommy Andrews, Jr.
Brian A. Loffredo

16112